**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CIRILA VERASTEGUI-ARAUJO, AKA Asminda Valle, AKA Cirila Verastegui, AKA Asminda Verastegui-Valle, | No. 20-72455 |
| | Agency No. A088-639-160 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Cirila Verastegui-Araujo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen and reconsider removal proceedings.  We have jurisdiction under 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen or a motion to reconsider. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Verastegui-Araujo's motion to reopen or reconsider as untimely, where it was filed more than five years after the order of removal became final, and where she did not establish that she would qualify for a regulatory exception to the filing deadline for motions to reopen or that equitable tolling of the filing deadline for motions for reconsideration is warranted. *See* 8 U.S.C. § 1229a(c)(6)(b), (7)(C)(i); 8 C.F.R. § 1003.2 (c)(3); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of the filing deadline may be available "when a petitioner is prevented from filing because of a deception, fraud, or error, as long as the petitioner acts with due diligence" in discovering such circumstances); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

In light of this disposition, we need not reach Verastegui-Araujo's contentions as to the merits of her motion reopen or reconsider. *See Simeonov v.*

*Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The BIA did not err in concluding that Verastegui-Araujo's contention that her underlying removal order was invalid was foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020). Thus, she showed no gross miscarriage of justice in the underlying order. *See Vega-Anguiano v. Barr*, 982 F.3d 542, 547 (9th Cir. 2019) (demonstrating a gross miscarriage of justice requires establishing "a deportation or removal order had no valid legal basis at the time of its issuance *or* at the time of its execution.").

We reject as unsupported by the record Verastegui-Araujo's contentions that the BIA erred in its analysis and violated her right to due process by denying her motion to reopen and reconsider.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-72455